(No. 5127-)

JOHN W. McDONALD, Claimant, vs. THE TEACHERS COLLEGE BOARD, Respondent.

*Opinion filed February 28, 1964.*

ANDERSON AND ANDERSON, Attorneys for Claimant.

DUNN, DUNN AND BRADY, Attorneys for Respondent, The Teachers College Board.

DOVE, J.

Claimant filed his complaint in this Court on October 18, 1963 alleging:

1. That claimant resided at 509 Nichelson Street, Joliet, Illinois;

2. That on the 4th day of September, 1961, claimant, prior to the commencement of the first semester of the academic year 1961-1962, was engaged in the practice of football at Northern Illinois University, DeKalb, Illinois, under the direction and supervision of the Athletic Department of said University;

3. That on the said 4th day of September, 1961, while so participating in the said practice of football, claimant received a blow to his left knee, thereby injuring the same;

4. That on the 5th day of September, 1961, claimant reported to Dr. Otto J. Keller, Director of the Student Department of Health Service, and was advised by the said Dr. Otto J. Keller of the necessity for consultation with an orthopedic specialist:

5. That upon consultation with Dr. Frank H. Hedges, Jr., claimant's family orthopedic specialist, it was found necessary that claimant submit to an operation; that said operation was performed on the 23rd day of December, 1961; and that all expenses of said operation have been borne and paid by claimant, and without reimbursement of any kind or nature;

6. That the expenses of the operation, as set forth in Paragraph 5, amount to the sum of $831.25, and that, after allowing all set-offs, there is now due and owing claimant by respondent the sum of $831.25;

7. That the said claim has been presented to Northern Illinois University for payment, and the said University, by and through its Athletic Director, George G. Evans, and its co-ordinator of Student Financial Aid, Philip L. Shields, has denied payment of said claim on the grounds that no funds were available to pay said claim; that claimant is the sole owner of said claim; that claimant has made no assignment or transfer of in-

terest thereof, and prays judgment against respondent herein in the sum of $831.25.

Attached to the complaint is exhibit A, which sets forth the amount of the doctor's statement and hospital bills, totaling $831.25.

On November 7, 1963, respondent, The Teachers College Board, filed a motion to dismiss this matter, and furnished therewith a proof of service of a copy on counsel for claimant. No objections were filed to the motion, and this cause now comes on for hearing upon the complaint and motion filed by respondent thereto.

The question presented here concerns Chap. 37, Secs. 439.22-1 and 439.22-2 of the 1961 Ill. Rev. Stats., which reads as follows:

"Within six months from the date that such injury was received or such a cause of action accrued, any person, who is about to commence any action in the Court of Claims against the State of Illinois for damages on account of any injury to his person, shall file in the office of the Attorney General and also in the office of the Clerk of the Court of Claims, either by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, and the name and address of the attending physician, if any.

"If the notice provided for by Section 22-1 is not filed as provided in that section, any such action commenced against the State of Illinois shall be dismissed, and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further action in the Court of Claims for such personal injury."

Claimant does not allege that he has filed notice, as provided by the above statute, and we are, therefore, of the opinion that the complaint filed herein does not state a cause of action, which would entitle claimant, John W. McDonald, to recover from respondent, The Teachers College Board.

It is the opinion of this Court that the motion to strike the complaint herein be and the same is hereby allowed, and the complaint filed herein dismissed.